UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------------x

HAROON I. HAMEED, M.D.                              :

1300 4th St. SE, Unit 203                           :

Washington, DC 20003                                :

Plaintiff,                                          :

                                                        :   Case: 1:25-cv-01588
                                                            Assigned To : Friedrich, Dabney L.
v.                                                  :   Assign. Date : 5/19/2025
                                                            Description: Pro Se Gen Civ. (DECK-F)
                                                           :

ANNE MILGRAM, in her official capacity as           :

Administrator, Drug Enforcement Administration,     :

8701 Morrissette Drive                              :

Springfield, VA 22152                               :

Defendant.                                          :

-----------------------------------------------------------------x

**COMPLAINT**

**I. INTRODUCTION**

RECEIVED

MAY 19 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1. Plaintiff Haroon I. Hameed, M.D., brings this action under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq., to compel the Drug Enforcement Administration (DEA) to take final agency action on his registration and license applications.

2. Despite Plaintiff's full participation in a DEA Show Cause proceeding and repeated attempts to secure adjudication through counsel, the DEA has failed to issue a final decision, rule on his renewal or new applications, or otherwise provide any determination for over three years.

3. The DEA's delay has caused irreparable harm to Plaintiff's professional standing and economic livelihood by effectively denying him the ability to prescribe controlled substances.

4. Attached hereto as Exhibit A is Plaintiff's Curriculum Vitae.

5. Attached hereto as Exhibit B is the DEA Order to Show Cause dated March 25, 2022.

6. Attached hereto as Exhibit C is Plaintiff's formal response to the Show Cause Order submitted via counsel.

7. Attached hereto as Exhibit D is Plaintiff's Corrective Action Plan submitted to the DEA.

8. Attached hereto as Exhibit E is a record of unanswered communications sent to the DEA.

## II. JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1331, 5 U.S.C. §§ 701–706, and the Due Process Clause of the Fifth Amendment.

10. Venue lies in this district under 28 U.S.C. § 1391(e) because the Defendant is a federal agency headquartered in this district and a substantial portion of the events occurred here.

## III. PARTIES

11. Plaintiff Haroon I. Hameed, M.D., is a physician formerly registered with the DEA under Certificate Numbers FH8064204 and FH3042520. He resides in Washington, D.C. and practices in Maryland.

12. Defendant United States Drug Enforcement Administration is a federal agency within the U.S. Department of Justice that oversees controlled substance registrations and enforcement.

## IV. FACTUAL BACKGROUND

13. On March 25, 2022, the DEA issued an Order to Show Cause (OTSC) alleging violations tied to state-level actions by the Maryland Board of Physicians.

14. The DEA alleged that Plaintiff had engaged in the self-abuse of controlled substances and materially falsified a renewal application.

15. These claims relied heavily on actions taken by the Maryland Board, which itself had disregarded the findings of its Administrative Law Judge and expert testimony from leading addiction specialists—including Dr. Gregory Skipper—who concluded that Plaintiff was not addicted to or abusing opioids.

16. The ALJ recommended dismissal of multiple charges, including professional incompetence and opioid addiction, and found the charges of habitual intoxication not conclusively proven.

17. Despite this, the Maryland Board imposed probation based on reasserted charges, but later confirmed Plaintiff was safe to practice after extensive toxicology testing, monitoring, and full MPRP compliance.

    **Footnote:** Plaintiff has concurrently filed a civil action in the District of Maryland against the Maryland State Board of Physicians related to the publication and persistence of false disciplinary charges, including those cited in the DEA's OTSC. That case addresses reputational and economic harm stemming from the Board's disregard of ALJ findings and expert testimony.

18. The DEA Order to Show Cause was issued and signed by Diversion Investigator Brittany Potter on March 25, 2022. Plaintiff, through counsel at Oberheiden P.C., submitted a detailed Corrective Action Plan (CAP) and formal OTSC response on April 28, 2022.

19. Despite the completeness of these filings, and their legal sufficiency under DEA procedure, the agency took no action. No hearing was scheduled. No denial was issued. No adjudication or communication followed, despite repeated inquiries by Plaintiff and his counsel.

20. From 2022 to 2025, Plaintiff submitted multiple renewal and new applications for DEA registration through the standard online and regional channels, including applications in multiple states. None were approved. None were denied. Most received no response whatsoever, and Plaintiff remained indefinitely suspended in regulatory limbo.

    a. On October 30, 2023, Plaintiff submitted a new DEA registration application (Control #W23149969C). Despite multiple follow-up attempts—including

voicemail messages left with Field Office contact Shirley Grain on January 8, 2025—no action was taken and the application remains in "Processing" status.

b. On January 8, 2025, Plaintiff submitted another new application (Control #W25002607C). On February 3, 2025, Plaintiff spoke with DEA staff member Ruth Fitzgerald, who stated that she would escalate the matter to the assigned investigator. No further contact or resolution followed. As of the filing of this Complaint, both applications remain unadjudicated, and Plaintiff has been deprived of DEA licensure for over three years without explanation or recourse.

c. On January 14, 2025, a DEA representative (Cynthia Gallegos) confirmed via email that the October 2023 application had been pending since August 2023 and that the January 2025 application was still "processing." The representative directed Plaintiff to continue contacting the local field office rather than providing any substantive update.

d. In addition, Plaintiff's former legal counsel, Elizabeth Stepp of Oberheiden P.C., confirmed on March 11, 2024, that her efforts to reach the DEA had been unavailing and that no adjudication was ever issued. This further supports the pattern of prolonged agency silence despite proper procedural engagement by the Plaintiff and his counsel.

21. These years of inaction by the DEA directly deprived Plaintiff of the ability to practice medicine fully, secure DEA-restricted employment and finalize a buy-in opportunity at a surgical center. All resulting harm stems from the DEA's refusal to complete the adjudicatory process initiated in 2022.

22. Plaintiff fully complied with DEA and submitted a Corrective Action Plan (CAP) and OTSC response via Oberheiden P.C. on April 28, 2022.

23. Neither the DEA nor its Administrative Law Judges responded to the CAP or the OTSC response, nor scheduled a hearing, denied, or adjudicated the application. Instead, Plaintiff has remained in limbo.

24. From 2022 to 2025, Plaintiff submitted multiple applications for renewal or new DEA registration and received no action or explanation from any regional DEA office.

25. The lack of resolution by the DEA has precluded Plaintiff from practicing DEA-restricted medicine, participating in surgical center investment opportunities, and starting his own medical practice valued at losses of $2 million or more.

## V. CLAIMS FOR RELIEF

## COUNT ONE – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. §§ 555(B), 706(1))

26. Plaintiff repeats and incorporates all prior paragraphs.

27. The DEA's failure to adjudicate Plaintiff's response to the OTSC or to act on his CAP constitutes agency action unlawfully withheld and unreasonably delayed.

28. The DEA has a statutory obligation to resolve registration matters and cannot ignore filings indefinitely.

## COUNT TWO – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS (U.S. CONST. AMEND. V)

29. Plaintiff had a protected property and liberty interest in maintaining and renewing his DEA registration.

30. The DEA's refusal to act on his application or provide a hearing deprived him of his rights without procedural safeguards.

31. Plaintiff suffered damages of over $2 million, (based on historical earnings of $550,000 per year and the inability to accept a surgical center buy-in at Clearway Pain Solutions valued at additional income of $450,000/year or more) and was blocked from other related professional earning opportunities.

**COUNT THREE – DECLARATORY AND INJUNCTIVE RELIEF**

32. The DEA's continued inaction and refusal to respond to filings and applications constitutes an ongoing harm.

33. Plaintiff seeks declaratory relief confirming his right to a timely adjudication, and injunctive relief compelling the DEA to process his registration applications.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

A. Declare that the DEA's inaction violates the Administrative Procedure Act and Plaintiff's Due Process rights;

B. Issue an order requiring the DEA to rescind or dismiss the 2022 Order to Show Cause for lack of evidentiary support, given that the underlying allegations were discredited in state proceedings and refuted by expert witnesses.

C. Acknowledge Plaintiff's substantial economic harm, including lost income, business opportunity, and professional standing, resulting directly from the DEA's failure to act.

Plaintiff reserves the right to seek appropriate relief under separate statutory authority should such claims become legally viable.

D. Issue an order directing the DEA to approve Plaintiff's pending registration applications absent any newly substantiated grounds raised in compliance with due process and applicable law.

E. Award attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F. Grant such other relief as the Court deems just and proper.

**Respectfully submitted,**

/s/ Haroon I. Hameed, M.D.
Pro Se Plaintiff
1300 4th St. SE, Unit 203
Washington, DC 20003
drharoonhameed@yahoo.com
(202) 600-6124

**TABLE OF EXHIBITS**

Exhibit A – Curriculum Vitae of Dr. Haroon I. Hameed

Exhibit B – DEA Order to Show Cause (March 25, 2022)