**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HAROON I. HAMEED,<br><br>*Plaintiff*,<br><br>v.<br><br>TERRANCE C. COLE, Administrator, Drug Enforcement Administration,<br><br>*Defendant*. | No. 25-cv-01588 (DLF) |

# MEMORANDUM OPINION

Plaintiff Haroon I. Hameed is a physician who brought this action against the Administrator of the Drug Enforcement Administration (DEA), alleging that the agency unreasonably delayed issuing a final decision concerning his DEA registration, in violation of the Administrative Procedure Act and the Fifth Amendment. Compl., Dkt. 1. Before the Court is the DEA's motion to dismiss, Dkt. 9, and Hameed's motions for leave to supplement his pleadings, Dkts. 12, 16. For the reasons that follow, the Court will grant the DEA's motion to dismiss and deny Hameed's motions for leave to supplement.

## I. BACKGROUND

Hameed is a physician who resides in Washington, D.C. and practices in Maryland. Compl. ¶ 11, Dkt. 1. On November 5, 2020, the Maryland State Board of Physicians summarily suspended Hameed's medical license based on concerns that he had practiced medicine while under the influence of controlled substances and alcohol. Compl., Ex. B at 2, Dkt. 1-2. The Board later adjudicated those concerns and found Hameed guilty of unprofessional conduct, including

habitual abuse of controlled dangerous substances and providing professional services while using a narcotic. *Id.* It later lifted the suspension after Hameed completed a rehabilitation program. *Id.*

In November 2021, Hameed applied to renew his registration with the DEA as a practitioner authorized to prescribe drugs under Schedules II through V. *Id.* at 1. The DEA determined that Hameed's application contained materially false statements concerning his Maryland suspension and issued an order to show cause why his application should not be denied. *Id.* at 1, 3–4. The order informed Hameed that he could request a hearing or submit a written response. *Id.* at 4. Hameed waived his right to a hearing and instead provided a written response on April 28, 2022. Compl., Ex. C at 1. In May 2025—more than three years after submitting that response—Hameed filed this action, alleging that: (1) the DEA withheld or unreasonably delayed a decision on his application in violation of § 555(b) and § 706(1) of the Administrative Procedure Act (APA); (2) the delay deprived him of property and liberty without due process in violation of the Fifth Amendment; and (3) he was entitled to declaratory and injunctive relief. Compl. ¶¶ 26–33.

After Hameed filed suit, in September 2025, the DEA issued a final Decision and Order revoking Hameed's registration and denying his pending applications for registration renewal in Maryland. Final Decision & Order, Dkt. 9-3. Hameed petitioned for review in the D.C. Circuit under 21 U.S.C. § 877, which the court denied. *Hameed v. DEA*, No. 25-1192, 2026 WL 2056171, at *1 (D.C. Cir. July 16, 2026).

While that action was pending, Hameed moved for leave to supplement his complaint after the Centers for Medicare & Medicaid Services (CMS) revoked his Medicare enrollment based on the DEA's revocation. Dkt. 12. He later notified the Court that, on March 16, 2026, the DEA

issued him another show cause order proposing to deny a separate 2023 application for DEA registration in Washington, D.C. Notice, Dkt. 16.

The DEA has moved to dismiss this action under Rules 12(b)(1) and 12(b)(6), Dkt. 9.

## II. LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). Nonetheless, the burden is on the plaintiff to establish subject-matter jurisdiction. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). And the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Com'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Federal courts lack subject-matter jurisdiction to hear claims that are moot. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). "A case is moot when a party has already obtained all the relief that it has sought." *Schnitzler v. United States*, 761 F.3d 33, 37 (D.C. Cir. 2014) (internal quotation marks omitted). Further, "the mootness doctrine requires a federal court to refrain from deciding [a case] if events have so transpired that the decision will neither

presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *AstraZeneca Pharms. LP v. FDA*, 713 F.3d 1134, 1138 (D.C. Cir. 2013) (internal quotation marks omitted).

## III. DISCUSSION

As Hameed concedes, "his APA claim for unreasonable delay . . . is moot in light of the DEA's September 2025 final order." Pl.'s Opp'n to Mot. to Dismiss (Pl.'s Opp'n) 4, Dkt. 10. This Court also lacks jurisdiction to consider his due process claims. The Court will thus grant the DEA's motion to dismiss and deny Hameed's motions for leave to supplement.

### A. APA Claim

The APA requires agencies to decide matters presented to them "within a reasonable time," 5 U.S.C. § 555(b), and allows parties to file an action to "compel agency action unlawfully withheld or unreasonably delayed," *id.* § 706(1). "[O]nce the [agency] has rendered a final decision, the issue of regulatory delay will be moot and beyond [the court's] effective power to remedy." *Potomac Elec. Power Co. v. I.C.C.*, 702 F.2d 1026, 1035 (D.C. Cir. 1983). Because the DEA has issued a final order revoking Hameed's DEA registration and denying his pending Maryland renewal applications, the agency has taken the action that Hameed sought to compel. His APA claim is therefore moot. *See* Pl.'s Opp'n 4; *Conservation Force*, 733 F.3d at 1204 (dismissing as moot APA claims alleging unreasonable delay after agency issued requested finding during appeal). Count I will therefore be dismissed.

### B. Due Process Claim

The Court lacks jurisdiction over Hameed's remaining due process claim. "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 929 F.3d 748, 754 (D.C. Cir. 2019)

(quoting *Bowles v. Russell*, 551 U.S. 205, 212 (2007)). Although federal district courts generally have jurisdiction over questions of federal law, *see* 28 U.S.C. § 1331, Congress may circumscribe that jurisdiction "by establishing an alternative statutory scheme for administrative and judicial review." *Am. Fed'n of Gov't Emps.*, 929 F.3d at 754. "If a special statutory review scheme exists, . . . it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies." *Jarkesy v. SEC*, 803 F.3d 9, 15 (D.C. Cir. 2015) (citation modified). A litigant may not circumvent an exclusive statutory review scheme through "creative pleading." *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 660 (D.C. Cir. 2010).

Section 877 of the Controlled Substances Act provides that "any person aggrieved by a final decision of the Attorney General" under the Act may obtain review "in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located." 21 U.S.C. § 877. The D.C. Circuit has held that § 877 vests courts of appeals with exclusive jurisdiction to review final DEA decisions. *Hemp Indus. Ass'n v. DEA*, 36 F.4th 278, 286–87 (D.C. Cir. 2022) ("[C]laims falling within the ambit of section 877—those challenging a final decision of the DEA under the [Controlled Substances Act]—are considered by the courts of appeals, not the district courts.").

Hameed's due process claims fall within that exclusive review scheme. Section 877 applies to challenges to the procedures by which the DEA reaches its decisions. *See John Doe, Inc. v. DEA*, 484 F.3d 561, 569 (D.C. Cir. 2007) (rejecting the argument that § 877's applicability depends on "the DEA's compliance with its procedural requirements" and explaining that the court of appeals alone may review procedural defects in a DEA decision). And, "more important," the scheme did not deprive Hameed of judicial review or "prevent effective consideration of any legal

issue." *Id.* at 569, 570. The D.C. Circuit has already considered and rejected Hameed's due process arguments, including his claim that "DEA's [three-year] delay . . . constituted a deprivation of due process." Pl.'s Opp'n 4; *Hameed*, 2026 WL 2056171, at *1 (rejecting Hameed's delay challenge because "delay alone is not enough to justify . . . setting aside agency action" and he had not identified harms attributable specifically to the delay). The D.C. Circuit also held that the DEA's order to show cause "provided [Hameed] adequate notice of the allegations against him and his opportunities to present any objections;" that the DEA adequately considered Hameed's written submission; and that Hameed had "not identified any other process he was constitutionally due." *Hameed*, 2026 WL 2056171, at *1.

Hameed's reliance on *Free Enterprise Fund v. PCAOB*, 561 U.S. 477 (2010), is misplaced. Pl.'s Opp'n 5–6. *Free Enterprise Fund* concerned a challenge that was "wholly collateral" to the statute's review provisions and for which the prescribed review process would not provide "meaningful judicial review." *Free Enterprise Fund*, 561 U.S. at 489. In contrast, Hameed's claim concerns the procedures that led to the DEA's final decision and, critically, was subject to meaningful review: the D.C. Circuit considered, and rejected, his due process claims under § 877. *Hameed*, 2026 WL 2056171, at *1. Hameed cannot evade § 877 by recasting the same claim as a separate challenge. *See Vietnam Veterans*, 599 F.3d at 660 (rejecting an attempt to circumvent an exclusive statutory review scheme through "creative pleading"); *Prescript Pharms. Inc. v. DOJ*, No. 24-2729, 2025 WL 1423656, at *5 (D.D.C. May 16, 2025) (holding that plaintiffs could not obtain district-court review of Fifth Amendment claims concerning a DEA decision after challenging the agency's actions in the proper forum).

Accordingly, Count II will be dismissed for lack of subject matter jurisdiction.

**C. Declaratory and Injunctive Relief**

Count III does not assert an independent cause of action but seeks declaratory and injunctive relief tied to Counts I and II. *See Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 37, 45 (D.D.C. 1996) (declaratory relief "not cognizable as a separate cause of action, but is more properly included in the[] prayer for relief"). A declaratory-relief claim may be dismissed when it "duplicates or is wholly subsumed by another claim that is dismissed." *Walpin v. Corp. for Nat'l & Cmty. Serv.*, 718 F. Supp. 2d 18, 24 (D.D.C. 2010). Because Count III necessarily relies on Counts I and II, which will be dismissed, Count III will be dismissed as well.

**D. Leave to Supplement**

Rule 15(d) permits a court, "on just terms," to allow a party to supplement a pleading with events occurring after the pleading was filed. Fed. R. Civ. P. 15(d). Leave should generally be granted unless there is a good reason to deny it, including futility. *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). A proposed supplement is futile if it would not survive a motion to dismiss. *Oladokun v. Corr. Treatment Facility*, 5 F. Supp. 3d 7, 12–13 (D.D.C. 2013).

Hameed seeks to supplement his complaint in two ways. First, he attempts to add allegations about a separate revocation imposed by the Centers for Medicare & Medicaid Services (CMS). *See* Mot. to Supp. Pleading, Dkt. 12. But CMS is not a defendant here, and Hameed has already challenged that agency action in a separate lawsuit before this Court. *See Hameed v. HHS*, No. 25-4117. Second, Hameed seeks to add allegations concerning a March 2026 Order to Show Cause that relates to a separate DEA registration application.[1] Pl.'s Not. of Subsequent Development, Dkt. 16. That DEA proceeding will not reopen the applications that the DEA

[1] Although styled as a "Notice of Subsequent Development," Hameed asks the Court to add the filing and attached exhibit to the record and consider them in resolving this case. Dkt. 16. The Court therefore construes the notice as a second motion to supplement under Rule 15(d).

adjudicated in the order at issue here. Further, any future challenge to a final decision concerning that application would also be subject to § 877's exclusive review scheme. Because neither of Hameed's proposed supplements would cure the defects with his existing claims, supplementation would be futile. The Court will therefore deny Hameed's motions for leave to supplement.

**CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss, Dkt. 9, is granted and the plaintiff's motions for leave to supplement, Dkts. 12, 16, are denied. A separate order consistent with this decision accompanies this memorandum opinion.

Dabney L. Friedrich

DABNEY L. FRIEDRICH
United States District Judge

September 29, 2026